IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEITH HUSSELL,<br><br>　　　　　Plaintiff,<br>v.<br><br>FEDERAL RESERVE BANK OF SALT LAKE CITY,<br><br>　　　　　Defendant. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:09cv526<br><br>District Judge Clark Waddoups |

　　　　On May 20, 2009, Keith Hussell ("Plaintiff") filed a complaint against the Federal Reserve Bank of Salt Lake City ("Defendant") regarding a "Bank Withdraw [sic]."[1]  Since that time, Plaintiff has also filed numerous letters he has apparently written to various entities regarding "Bank Withdraw [sic]" requests.[2]  At the outset, the court recognizes that Plaintiff is proceeding pro se in this case.  Consequently, the court will construe his pleadings and other submissions liberally.  See, e.g., Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

　　　　In addition, the court notes that Plaintiff has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP statute").[3]  Whenever the court authorizes a party to proceed

---

[1] Docket no. 5.

[2] Docket nos. 10, 11, 12, 13, 14, and 15.

[3] See docket no. 4.

without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court has construed the term "frivolous" within the context of the IFP statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP statute]'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

Neitzke v. Williams, 490 U.S. 319, 325 (1989). The IFP statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .

Id. at 327-28; see also Hall v. Bellmon, 935 F.2d 1106, 1108-10 (10th Cir. 1991).

In his complaint, Plaintiff appears to be seeking the court's help in withdrawing "seventy-one million dollars" from his "account in the Federal Reserve Bank at Nellis Air Force Base, Las Vegas, Nevada."[4] Plaintiff alleges that in "1988[, he] deposited over eighty-four million dollars in gold, platinum[,] and silver in a precious metal account" and that "[t]he United Nations['] recommendation was not to make a bank withdraw [sic] until completing [his] term in Washington."[5] Plaintiff states that he "completed [his] term in Washington March 1, 2007" and

---

[4] Docket no. 5 at 1, 4

[5] Id. at 1.

that his "conversion was done the last week of May 2008."[6] As attachments to his complaint, Plaintiff provided copies of letters addressed to the "Department of the Treasury[,] Bureau of the Public Debt"; and the "Federal Reserve" in both Washington, D.C., and Salt Lake City.[7] In each of the letters, Plaintiff states that he is "in Salt Lake City, Utah waiting for [his] seventy-one million dollar conversion."[8] He also provided a copy of a letter addressed to the "Utah State Bar Law & Justice Center" in which he states, "I am selling gold, platinum[,] and silver from my precious metal account in the Federal Reserve Bank. My conversion was done in the last week of March 2008. I am waiting for my appointment letter from the Federal Reserve Bank. . . . I think I may need help getting my money."[9]

The court has determined that the factual allegations contained in Plaintiff's complaint and attachments "rise to the level of the irrational or the wholly incredible," Denton v. Hernandez, 504 U.S. 25, 33 (1992), and describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 328. It appears that Plaintiff's allegations have little or no basis in fact. The court concludes that Plaintiff's complaint has a delusional quality that renders it patently unbelievable. "The broad reading of [Plaintiff's] complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Bellmon, 935 F.2d at 1110.

Plaintiff further asserts similar delusional factual scenarios in his other pleadings. For instance, in a letter to the Federal Reserve Bank, Plaintiff contends that

---

[6] Id. at 2.

[7] Id. at 4 to 11.

[8] Id. at 4, 6, and 8.

[9] Id. at 9.

> [t]he Federal Court of Utah asked me to write and let you know that I am suing for my seventy-one million dollar conversion. Of the two-hundred million dollars in gold, platinum, and silver I deposited in the Federal Reserve Bank, I am trying to get seventy-one million dollars in cash. The United Nations approved the transaction. Thank you.[10]

In another letter to the Federal Reserve Bank, Plaintiff states the following: "The purchase of about seventy-one million dollars worth of [S]panish securities from Spain. . . . The cash withdraw [sic] of four hundred and seventy-five thousand dollars with the commemorative donations to the historical society. . . . The United Nations approved the transaction and filed under Federal Guidelines Federal Court. Thank you."[11]

Based on the foregoing, it is obvious that Plaintiff is suffering from some type of psychological delusion. While the court is sympathetic to Plaintiff's circumstances, the court "shall dismiss the case at any time if [it] determines that" Plaintiff's complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B). Accordingly, Plaintiff's complaint is dismissed as factually frivolous pursuant to the IFP statute. See id.

DATED this 9th day of December, 2009.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge

---

[10] Docket no. 10 at 2.

[11] Docket no. 11 at 2.